# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY WOODWARD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 23-03377-CV-S-DPR |
| ) | |
| JESSE MOAD, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion to Transfer Venue or, in the Alternative, to Dismiss Complaint for Improper Venue. (Doc. 7.) Pursuant to 28 U.S.C. § 1406(a), Defendants Jesse Moad and Paula Moad move the Court to transfer this action to the United States District Court for the Southern District of Illinois. In the alternative, Defendants move for dismissal based on improper venue. Plaintiffs have filed Suggestions in Opposition. (Doc. 13.) As follows, the Motion to Transfer Venue will be granted and this action will be transferred to the Southern District of Illinois.

Defendants argue that venue is improper in the Western District of Missouri. In a civil action, venue is proper "in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, Plaintiffs agree that both Defendants are residents of Collinsville, Illinois, which is located in the Southern District of Illinois. (Doc. 1 at 1.) Therefore, this action could have been brought in the Southern District of Illinois originally based on the residency of Defendants.

Venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiffs raise claims for premises liability and loss of consortium, alleging that while visiting Defendants' home in

Collinsville, Illinois, Plaintiff Jeffrey Woodward tripped on a raised portion of concrete in Defendants' garage and fell to the ground on his shoulder, causing severe injury. (Doc. 1.) Thus, all of the events giving rise to the claims occurred in Collinsville, Illinois, providing a second basis for venue in the Southern District of Illinois.

Although Plaintiffs argue that venue is proper in this District based on personal jurisdiction, Section 1391(b)(3) is inapplicable under these circumstances, as there is a "district in which [this] action may otherwise be brought as provided in this section," as set forth above.

Based on the foregoing, the Southern District of Illinois is a proper venue for this action under Sections 1391(b)(1) and (b)(2). Further, Plaintiffs have shown no basis for venue in the Western District of Missouri, as neither Defendant resides in this District and none of the events or omissions giving rise to the claims occurred in this District. When a court determines that venue is improper, Section 1406(a) provides that the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Based on the foregoing, in the interest of justice, the Motion to Transfer Venue is **GRANTED**. The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Illinois for further proceedings.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: April 24, 2024